**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAUN LOWRY; ASHLEY LARSON;
T. L., by and through her father and next
friend, Shaun Lowry; G. L., by and
through her father and next friend, Shaun
Lowry,

                Plaintiffs-Appellants,

  v.

SHERWOOD CHARTER SCHOOL;
SHERWOOD CHARTER SCHOOL
BOARD,

                Defendants-Appellees.

No.    15-35060

D.C. No. 3:13-cv-01562-HZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 10, 2017
Portland, Oregon

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Plaintiffs appeal the district court's judgment and award of costs to Defendants. We affirm.

The district court properly dismissed Plaintiffs' cause of action for breach of contract for failure to state a claim because the complaint did not allege facts sufficient to establish the existence of a contract between Defendants and Plaintiffs. *See Homestyle Direct, LLC v. Dep't of Human Servs.*, 311 P.3d 487, 492–93 (Or. 2013) (en banc) ("The formation of a contract requires a 'bargain in which there is a manifestation of mutual assent to the exchange and consideration.'" (citation omitted)).

The district court properly granted summary judgment to Defendants on Plaintiffs' causes of action for violations of Title IX because Plaintiffs failed to present any evidence that Defendants were an "education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a); *see Castle v. Eurofresh, Inc.*, 731 F.3d 901, 909 (9th Cir. 2013) (holding that a plaintiff must show that the defendant "has affirmatively chosen to 'provid[e] [services] as a *quid pro quo* for the receipt of federal funds'" to prevail under Title IX (first alteration

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

in original) (quoting *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986))); *Sharer v. Oregon*, 581 F.3d 1176, 1181 (9th Cir. 2009) ("[E]ntities that receive federal assistance . . . through an intermediary[] are recipients, . . . entities that only benefit economically from federal assistance are not." (second and third alterations in original) (quoting *NCAA v. Smith*, 525 U.S. 459, 468 (1999))).

The district court properly granted summary judgment to Defendants on Plaintiffs' negligence claim because Plaintiffs claimed to have suffered only emotional harm and failed to show that they were in a special relationship with Defendants. *See Shin v. Sunriver Preparatory Sch., Inc.*, 111 P.3d 762, 770–73 (Or. Ct. App. 2005) (holding that a "surrogate parent relationship in the context of a boarding school" gave rise to a special relationship by noting that it was "not at all like a typical high school"); *see also Doe ex rel. Farley, Piazza & Assocs. v. Gladstone Sch. Dist.*, No. 3:10-CV-01172-JE, 2012 WL 2049173, at \*13 (D. Or. June 6, 2012) ("Neither party has cited, nor have I found, any Oregon case that has held that such a relationship exists between a public school student and his or her school.").

Plaintiffs' challenge to the district court's award of costs to Defendants pursuant to Federal Rule of Civil Procedure 54(d)(1) also fails.  The district court

3

did not abuse its discretion in adhering to the presumption of awarding costs to the prevailing party. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592–93 (9th Cir. 2000).

**AFFIRMED.**